ELIZA J. BARNETT *et al.*, plaintiffs in error, *vs.* THE PEO-
PLE'S BANK OF NEWNAN *et al.*, defendants in error.

Where the evidence is conflicting this court will not interfere to control the
discretion of the chancellor in refusing an injunction.

Injunction.    Before Judge BUCHANAN.    Heard County.
At Chambers.    January 30th, 1875.

For the facts, see the decision.

B. H. BIGHAM; C. W. MABRY, for plaintiffs in error.

J. B. S. DAVIS; A. D. FREEMAN; F. S. LOFTIN, for de-
fendants.

WARNER, Chief Justice.

This was a bill filed by the complainant against the de-
fendant praying for an injunction and the appointment of a
receiver.    The presiding judge granted a rule to show cause
why the injunction prayed for should not be granted, on the
hearing of which the injunction prayed for. was refused.
Whereupon, the complainant excepted.    From the evidence
before the presiding judge, as disclosed in the record, the main
question upon which the complainant's equity was based de-
pended upon the fact whether the deed to the land in contro-
versy, made by Barnett on the 24th of January, 1874, to the
defendant, was an absolute sale of the land to it, or whether
that deed was merely a security for the debt which Barnett
owed the defendant.    Upon this point in the case the evi-
dence is conflicting, though the weight of the evidence, coupled
with the fact that Barnett rented the land from defendant and
gave his note for the rent thereof for the year 1874, would
seem to be in favor of an absolute sale of the land by Bar-
nett to the defendant.    Inasmuch as the evidence is conflict-
ing upon the main point in the case, this court, according to
its repeated rulings heretofore made, will not interfere to con-

trol the discretion of the presiding judge in refusing the injunction.

Let the judgment of the court below be affirmed.